TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorney for Plaintiffs,
Angel Miguel Miramontes Jr. and
Angel Miramontes Sr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Angel Miramontes Jr. and Angel Miramontes Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>Mandarich Law Group, LLP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-27<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiffs, Angel Miguel Miramontes Jr. and Angel Miramontes Sr., by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Angel Miramontes Jr.(hereafter "Miramontes Jr.") and Angel Miramontes Sr. (hereafter "Miramontes Sr.") collectively referred to as ("Plaintiffs"), are each an adult individual residing in Los Angeles County, California, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Mandarich Law Group, LLP ("Mandarich"), is a California business entity with an address of 6301 Owensmouth Avenue Suite 850, Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Mandarich and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Mandarich at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Miramontes Jr. allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred by the Creditor to Cach, LLC, a debt purchasing company. Defendants were employed by Cach, LLC to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Mandarich Engages in Harassment and Abusive Tactics**

12.     Within the past year, Mandarich repeatedly contacted Plaintiffs in an attempt to collect the Debt.

13.     The Debt belongs to Miramontes Jr., and Miramontes Sr. is in no way responsible for repayment of the Debt.

14.     Miramontes Sr. is the father of Miramontes Jr.

15.     Plaintiffs informed Mandarich on multiple occasions that Miramontes Sr. had no obligation regarding the Debt.

16.     Despite Plaintiffs' explanations, Mandarich continued to disclose information about the Debt to Miramontes Sr.

17.     On September 25, 2014, Mandarich wrongfully filed a lawsuit against Miramontes Sr.

18.     In or around October 2014, Miramontes Jr. spoke to Mandarich and again advised them that he, and not his father, was the Debtor and requested that Mandarich correct its error.

19.     Despite the foregoing, Mandarich continued and continues to pursue collection efforts against Miramontes Sr.

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

20.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants contacted Miramontes Sr. and stated that Miramontes Jr. owed a debt, in violation of 15 U.S.C. § 1692b(2).

22.     Defendants contacted Miramontes Sr. more than once, without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

23.     Defendants communicated with individuals other than Miramontes Jr., his attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

24.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

25.     Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

26.     Defendants made false or misleading representations regarding the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e (2).

27.     Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

31. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33. Mandarich, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

34. Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

35. Defendants communicated information about the debt to Miramontes Sr. without the intent of confirming his location and without consent from him and/or his attorney, in violation of Cal. Civ. Code § 1788.12(b).

36. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

37. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 5, 2015        TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs, Angel Miramontes Jr. and Angel Miramontes Sr.